**Luis Manuel PORTELA, Plaintiff,**

v.

**65 De INFANTERIA THOM McAN, INC., Rio Piedras Thom McAn, Inc., and Ponce Thom McAn, Inc., Defendants.**

**Civ. No. 607–67.**

United States District Court
D. Puerto Rico.

July 1, 1969.

Ismael Delgado-González, Santurce, P. R., for plaintiff.

McConnell, Valdés, Kelley & Sifre, San Juan, P. R., for defendants.

OPINION

CAFFREY, District Judge.[*]

This is a civil action in the nature of a wage claim under Law No. 2 of October 17, 1961 which was filed in the Superior Court of Puerto Rico and removed to this Court by defendants. The case was tried to the Court without a jury. After trial I find and rule as follows:

Plaintiff alleges that he was employed by the defendant corporate entities, each of which is a wholly-owned subsidiary of and retail outlet for the Melville Shoe Corporation, in various capacities, name-

[*] Sitting by designation.

ly, shoe clerk or salesman, manager-clerk, and accountant payroll clerk, during the period from October 1959 to January 1965. He alleges that during this period his compensation varied from $50.00 to $110.00 weekly. He seeks herein to recover $43,367.32 which he alleges defendants owe him by reason of his working overtime 11,036 hours during the course of his employment. He also claims that he was dismissed on January 13, 1965 without just cause and seeks one month's pay by reason thereof pursuant to 29 L.P.R.A. section 183.

The defendants' answer consists of a general denial plus a plea of the statute of limitations and a claim that plaintiff was employed in a bona fide executive capacity and as such is excluded from the coverage of the overtime provisions of Puerto Rican and federal laws.

At the trial plaintiff testified without the benefit of records as to his career with defendants. However, plaintiff did offer in evidence defendants' answers to Interrogatories numbered 1 through 24, and the answer to 3(a)–(f) set out the dates between which and the capacities in which plaintiff was employed at three different Thom McAn stores. I find that he was first employed as a salesman at the 65 De Infanteria Thom McAn store at a salary of $55.00 a week (later raised to $60.00) for the period November 2, 1959 to February 22, 1960, i. e., for about four months. He next worked as assistant manager at that store from February 22, 1960 to April 25, 1960 at a salary of $77.00 weekly plus certain commissions. Two months later he was again promoted and made manager of the Ponce Thom McAn store at a salary of $99.00 a week plus commissions. He remained as manager of the Ponce store from April 25, 1960 to April 10, 1961, i. e., for about one year. On April 10, 1961 he became manager of the Rio Piedras Thom McAn store at a salary of $106.00 per week plus commissions and he continued as manager of that store until January 13, 1965. His salary changed from $106.00 to $110.00 a week plus commissions on May 1, 1962.

The contract between plaintiff and Rio Piedras Thom McAn Corporation, executed April 9, 1962, is in evidence as both Plaintiff's Exhibit 1(b) and Defendants' Exhibit A. The contract was terminable by either party on two weeks' notice and the company for cause could terminate by paying two weeks advance salary in lieu of notice or for cause without notice. The contract provided it was to be construed in accordance with the laws of the State of New York where it was accepted. No provisions of New York law have been cited by either party in this case and I treat that clause in the contract as waived since neither sought to rely on New York law. The contract also provided that plaintiff was to receive one-half of 1% commission on total retail sales of his store as his "management" commission, plus a 1% commission on sales he himself made as his "personal productivity" commission.

During the trial voluminous records of defendants relating to plaintiff's commissions and other aspects of the terms and conditions of his employment were admitted in evidence. These include the Procedure Book for store managers, which, in Procedure No. 33 dated July 13, 1962, contained therein, spells out the nature of a store manager's duties in the area of store personnel. This manual effectively rebuts plaintiff's testimony as to the scope of his managerial responsibility. That he followed Procedure No. 33 in fact is proven by Defendants' Exhibit D and the testimony of the witnesses Ricardo Pastrana Alvarez and Anibal Molina Maldonado which I believe.

That plaintiff was compensated well above his weekly salary levels on the basis of his management commissions is abundantly clear from Defendants' Exhibit 4(a)–(f), which shows that he received from a low of $32.00 to a high of $83.00 a week over his salary for commissions which averaged over $40.00 a week beyond his fixed salary.

In short, on all the evidence I find and rule that from at least the date of his contract, April 9, 1962, to the

date of his resignation, January 13, 1965, plaintiff was employed as an executive and as such was exempt from the operation of the Puerto Rican overtime laws. 29 L.P.R.A. section 288.

Although no written contract was adduced at the trial with reference to the period April 25, 1960 to May 1, 1962, I find that he was manager of the Ponce Thom McAn from April 25, 1960 to April 10, 1961, and then manager of the Rio Piedras Thom McAn from April 10, 1961 to May 1, 1962, and I rule that as manager of those two stores he was an executive exempt from the operation of overtime laws for this period of managerial duties just as he was exempt under the contract. In so finding and ruling I have in mind that both parties put in evidence the questions and answers No. 3(a)–(f) in plaintiff's interrogatories to defendants.

At the risk of being repetitive, these findings are that plaintiff was a bona fide executive compensated as such and outside the coverage of the overtime law for the period April 25, 1960 to his resignation, January 13, 1965.

This leaves only the period of his employment with defendant 65 De Infanteria Thom McAn, from November 2, 1959 to April 25, 1960, to be evaluated, i. e., a period of 24 weeks. I find that plaintiff did some overtime work in the early days of his employment because he believed that this would enable him to get ahead, which, of course, his subsequent promotions prove that it did. There are no records before the Court to prove what hours he worked and I find that his testimony on this score should be substantially discounted for its considerable overbreadth.

■ I find that he worked an average of 10 hours a week overtime for these 24 weeks when he was in a non-executive employee status. He is entitled to be paid by 65 De Infanteria Thom McAn $253.00 for overtime in the period from November 2, 1959 to January 18, 1960, to $125.00 for overtime in the period from January 18, 1960 to February 22,

1960, and to $256.00 for overtime in the period from February 22, 1960 to April 25, 1960, for a total overtime compensation of $634.00. He is entitled to the same amount as "indemnity of damages" pursuant to 29 L.P.R.A. Section 282 * * * Ch. 13, and also to a reasonable attorney's fee which I find to be $500.00.

■ Finally, I find that plaintiff has not sustained his burden of proof with regard to his claim for $467.00 severance pay to which he says he is entitled, pursuant to 29 L.P.R.A. Section 183, on the grounds that he was wrongfully discharged by defendant Rio Piedras Thom McAn without just cause. In so ruling I have in mind both his letter of resignation giving more than two weeks' notice thereof (Defendants' Exhibit B) as well as my reservations as to the credibility of some of the testimony elicited during the course of this trial.

Judgment will be entered for plaintiff against 65 De Infanteria Thom McAn, Inc. in the amount of $1768.00, with interest and costs, and the case will be dismissed as to defendants Ponce Thom McAn, Inc. and Rio Piedras Thom McAn, Inc.